IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. L-07-765 |
| | : | |
| ONE 2001 SUZUKI GSXR 750, | : | |
| ASSORTED JEWELRY, AND | : | |
| $21,000 U.S. CURRENCY, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Now pending in this civil forfeiture action is the Government's Motion to Strike Allah Burman's Filing. For the reasons stated herein, the motion will be DENIED.

I.    BACKGROUND

On May 22, 2001, law enforcement officers seized various property from a home located at 14407 Sequoia Bend Boulevard in Houston, Texas, pursuant to a search and seizure warrant issued during an ongoing drug investigation. Among the items seized were currency, jewelry, two motorcycles, and an automobile. The investigation resulted in the indictment of Allah Burman and five other individuals. See United States v. Burman, No. 01-0115 (D. Md. May 16, 2001). On January 29, 2003, a jury convicted Burman on two counts: (i) conspiring to distribute cocaine and (ii) possession with intent to distribute cocaine.

Following Burman's arrest, the Drug Enforcement Agency ("DEA") initiated administrative forfeiture proceedings against the Defendant property, pursuant to 21 U.S.C. § 881. The DEA administratively forfeited the Defendant property between March 2003 and November 2005. On April 17, 2003, Burman filed a *pro se* motion for return of property, asserting claims that the property was seized without probable cause, the search warrant was defective, and that the prosecution presented perjured testimony to the grand jury that indicted Burman. See Burman v.

United States, No. 03-1165 (D. Md. April 17, 2003). Because the Court only had jurisdiction over Burman's contention that he was not adequately notified of the forfeiture proceedings, the Court treated his filing as a motion to set aside the forfeiture for insufficient notice. Burman v. United States, 472 F. Supp. 2d 665, 667 (D. Md. 2007). See 18 U.S.C. § 983(e)(5); United States v. Minor, 228 F.3d 352, 357 (4th Cir. 2000) (finding that "an equitable cause of action to challenge an administrative forfeiture based on inadequate notice . . . falls squarely within our discretion to safeguard constitutionally-protected interests").

The forfeiture statute provides that an "interested party" has a cause of action to set aside a declaration of forfeiture on grounds of failure to notify if (i) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice, and (ii) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim. 18 U.S.C. § 983(e)(1). The Fourth Circuit has further explained that the "reasonable steps" standard must also satisfy the requirements of due process in order to be constitutionally sound. See Minor, 228 F.3d at 358.

In its Memorandum of February 7, 2007, the Court painstakingly laid out the necessary steps the Government must establish in order to demonstrate conformity with the due process requirements for adequate notice. These included the analysis established by the Fourth Circuit in the Minor decision, which stated that "reasonable steps" to notify a claimant should include the following: (i) mailing a certified letter, return receipt requested, to the facility where the prisoner is housed, (ii) showing that a prison official signed for the letter, and (iii) providing evidence "that mail delivery procedures existed at that facility, that 'were reasonably calculated to ensure that the notice, once addressed to [the inmate], would still reach him upon arrival at the prison (and indeed, would only be accepted were [the inmate] actually present)." Minor, 228 F.3d at 358 (quoting United States v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000)). While the

Government had demonstrated compliance with the first two Minor requirements, it had not provided any evidence concerning the mail delivery procedures at Burman's facility.  The issue has been further complicated due to Burman's transfer among various facilities within the Bureau of Prisons and his inconsistent record of responding to some notices but not others.

In its Memorandum of February 2, 2007, the Court offered two options for the Government to proceed: (i) the Government could "attempt to complete the record by presenting evidence on the 'reasonable steps' prong"; or (ii) the Government could "re-initiate forfeiture proceedings by addressing Notices of Forfeiture to Burman at his present place of federal incarceration for each of the items except the $824."[1]  Burman v. United States, 472 F. Supp. 2d at 668.  The proceedings were eventually set aside after the Government failed to proffer any evidence concerning the adequacy of notice provided to Burman.  See Burman v. United States, No. 03-1165 (D. Md. Mar. 8, 2007) (order setting aside forfeiture without prejudice) (noting that the "government has never attempted to meet this burden, even though the Court has on three separate occasions requested additional briefing as to the adequacy of notice to Burman").

On March 26, 2007, the Government filed a new Verified Complaint for forfeiture of the following items: Assorted Jewelry, $21,000 U.S. Currency, and One 2001 Suzuki GSXR 750. United States of America v. One 2001 Suzuki GSXR 750, No. 07-765 (D. Md. Mar. 26, 2007).  On April 15, 2007, Burman sent the Government a document titled "ACTUAL AND CONSTRUCTIVE NOTICE TO ALL FEDERAL EMPLOYEES OFFICERS AGENTS PERSONS INDIVIDUALS AND INSTRUMENTALITIES [sic]."  Docket No. 3, Exh. 1.  Burman's filing appears to assert a claim and contains an unsworn declaration under penalty of perjury (pursuant to the 17 U.S.C. § 1746) in which Burman asserts an interest in the Defendant property and demands

---

[1] Burman's claim for return of $824 that was seized from his wallet incident to his arrest was granted, due to the Government's failure to file a timely complaint for forfeiture in federal district court or obtain a criminal indictment alleging that the property was subject to forfeiture.  See Burman v. United States, 472 F. Supp 2d at 677.

its return.  Id.  Because the document does not reference the Government's Verified Complaint, it is unclear whether Burman has received actual notice of this new forfeiture proceeding and, if so, whether Burman's filing was intended to serve as his Answer to the Verified Complaint.[2]

On May 1, 2007, the Government sent a letter to Burman informing him that his April 15th submission failed to comply with the requirements set forth in 18 U.S.C. § 983, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").  Docket No. 3.  The letter advised Burman to file a written request if he required an extension of the deadline to respond to the Verified Complaint.  Id.  Burman did not respond to the Government's letter[3] and, on July 24, 2007, the Government moved for a default decree of forfeiture.  Docket No. 6.  The Court denied the motion, finding that the Government had not complied with the applicable requirements of the Local Admiralty Rules and the Federal Rules of Civil Procedure, which demand that a motion for entry of default must precede a motion for default judgment.  See LAR (c)(4); Fed. R. Civ. P. 55(a).  In its Memorandum of February 8, 2008, the Court advised the Government that it was at liberty to reassert its motion "after observing the procedural requirements" outlined by the Federal Rules, but reminded that "it would be well-advised to comply with the notice procedures painstakingly set forth in the Court's memorandum opinion of March 8, 2007."  Docket No. 8 (citing Minor, 228 F.3d at 358).

II.   DISCUSSION

Rather than re-asserting its motion for entry of default, the Government, on June 16, 2009, filed a Motion to Strike Allah Burman's Filing of April 15, 2007.  Docket No. 10.  The Government

---

[2] In making this observation, the Court does not suggest that actual notice is required.  See Dusenberry v. United States, 534 U.S. 161, 170-71 (2002) ("[I]t is well established that proof of actual receipt of notice is not required to satisfy due process under the Fifth Amendment.").  The Court notes, however, that if Burman did, in fact, have actual notice of the forfeiture proceedings despite the Government's failure to take "reasonable steps" to furnish that notice, Burman would no longer have a cause of action to seek relief from the forfeiture proceedings.  See Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions G(4)(b)(v).

[3] It is also unclear whether the Government must satisfy the requirements of 18 U.S.C. § 983(e) in sending these corrective notices to Burman.  The Court has previously asked the Government to brief this issue, to no avail.  See Burman v. United States, 472 F. Supp. 2d at 668.

now asserts that the document should be stricken because: (i) it fails to state or demonstrate an ownership or legal interest in the Defendant property; and (ii) Burman failed to file an Answer within twenty days of his April 15th pleading, as required under 18 U.S.C. § 983(a)(4)(B). Burman has not responded to the Motion to Strike.

When it suggested in February 2007 that the Government initiate new forfeiture proceedings, the Court expected that these proceedings would result in adjudication on the merits. Instead, the substantive issues have been bogged down, yet again, in a procedural quagmire. The determinative issue remains whether Burman's attempts to assert his claim to the Defendant property is procedurally proper, and whether the notices furnished to Burman have satisfied both the statutory requirement of "reasonable steps" and the requirements of due process as articulated by the Fourth Circuit in the Minor decision. See 18 U.S.C. § 983(e); Minor, 228 F.3d at 358.[4] Accordingly, the Government's Motion to Strike will be summarily DENIED.

In order to ensure that the case proceeds to completion without further undue delay, the Court now DIRECTS the Government, on or before October 9, 2009, to comply with the following steps and also to provide evidence of its compliance therewith:

1. As it has been over two years since Burman's last filing under this case number, the Government must provide the Court with verification of the facility where Burman is currently housed.

---

[4] The Court reiterates that its jurisdiction is limited to the issue of whether Burman received adequate notice of the forfeiture proceedings and will, therefore, limit its analysis solely to that issue. See Burman v. United States, 472 F. Supp. 2d at 667.

2.  The Government must send Burman a copy of the Verified Complaint and other necessary documents by certified letter, return receipt requested, to the facility where Burman is housed. In addition, the Government must demonstrate that a prison official signed for the letter See Minor, 228 F.3d at 358.

3.  Along with a copy of the Verified Complaint, the Government must furnish Burman with notice of the applicable time limits for filing an Answer or Response, as required by the forfeiture statute and Rule G of the Supplemental Rules.

4.  Finally, in order to satisfy the Minor requirements, the Government must provide evidence to the Court concerning the mail delivery procedures at the facility where Burman is currently housed.  The Government must show that these procedures are "reasonably calculated to ensure that the notice" should reach Burman once it was properly addressed to him.  See Minor, 227 F.3d at 358; One Toshiba Color Television, 213 F.3d at 156.

5.  After establishing that it took "reasonable steps" to provide notice, the Government must then demonstrate that all the procedural requirements antecedent to forfeiture required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Supplemental Rules have been satisfied.

III.   CONCLUSION

For the reasons stated herein, the Government's Motion to Strike will be DENIED.  A separate Order follows.

It is so ORDERED this 9th day of September, 2009.

                                                /s/
                                     Benson Everett Legg
                                     Chief Judge